SULLIVAN, Judge
(concurring):
I concur with the excellent opinion of my brother, Judge Effron. As I have said before, “When the Government makes speech a crime, the judges on appeal must use an exacting ruler.” * In this case, I particularly find disturbing the Additional Charge (specification one), where over a 10-month period, appellant is charged with directing 11 questions and comments to Capt TT — statements like: “You look like a size 4,” “Would you like to go out for lunch?,” and “Are you happily married?” These statements were never reported to authorities when they happened, but were allegedly noted as they happened by Capt TT in a journal written in her “own little code.” (R. 169). The journal was used by Capt TT to make her harassment complaint in a memorandum for record to Lt Col B immediately after appellant had an unpleasant dispute with Capt TT over the procedure for counting medical instruments in the operating room. (R. 193, 200-01, 392). The journal disappeared before trial. (R. 170).
Did appellant commit a crime with each of the questions or comments? Were there 11 crimes consolidated by the Government into one charging specification? Or did the cumulative effect of these 11 statements constitute one crime in the eyes of the jury? Like Judge Effron, I find that these comments need to be looked at carefully in the context of when they were spoken in order to find criminality. Viewing the comments of appellant, I find the comments may not be appropriate, but in this case, they are not criminal. A different result might have been obtained if a strict superior-subordinate relationship *389 was the backdrop for these comments. But that is not this case, where the conversations were among professional nurses of more or less equal rank.

 United States v. Brinson, 49 MJ 360, 361 (1998).